UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

GLOBAL LIFT CORP.,

     Plaintiff,

v.

HIWIN CORPORATION;
HIWIN TECHNOLOGIES CORP.; and
HIWIN MIKROSYSTEMS CORP.,

     Defendants.

Civil Action No. _____

**COMPLAINT**

    **COMES NOW** the Plaintiff, Global Lift Corp., by and through its undersigned

counsel, hereby brings this Complaint against Defendants, Hiwin Corporation, Hiwin

Technologies Corp., and Hiwin Mikrosystems Corp., (Defendants) and in support thereof

states as follows:

## NATURE OF ACTION

    1.    Buyer, Plaintiff Global Lift Corp, brings this action against Defendants,

Hiwin Corporation, Hiwin Technologies Corp., and Hiwin Mikrosystems Corp., the

Seller and Manufacturer, to recover damages for manufacturer and seller's breach of

contract, negligent design, and breach of the implied covenant of fitness for a particular

purpose relating to the sale of specially made goods.  These breaches include seller and

manufacturer's inadequate design and testing such that the specially made goods by the

Defendants for the Plaintiff resulted in a high failure rate of the goods contracted for, and

Defendants, Seller's, and Manufacturer's failure to repair, replace, or completely warranty said specially made goods.

## THE PARTIES

2.      Plaintiff Global Lift Corp. ("Global Lift" or "Plaintiff") is a major supplier of Americans with Disabilities Act (ADA) compliant poolside lifts for public swimming pools and spas in the United States.

3.      Global Lift is incorporated in the State of Michigan with its principal place of business in Bad Axe, Michigan.

4.      Upon information and belief, Defendant Hiwin Corporation ("Hiwin Corp." or "Defendant") manufacturers, services, and repairs actuator systems which are one of the main components of Plaintiff's swimming pool and spa lifts.

5.      Upon information and belief, Hiwin Corp. is a corporation organized under the laws of the State of Illinois with a principal place of business located at 1400 Madeline Lane, Elgin, Illinois 60124.

6.      Upon information and belief, Defendant Hiwin Mikrosystems Corp. ("HMC" or "Defendant") manufactures in Taiwan actuators specifically for Plaintiff to be included in Plaintiff's ADA-compliant lifts for swimming pools and spas and ships said actuators to Hiwin Corp. in Illinois.

7.      Upon information and belief, HMC has its worldwide headquarters in Taichung 407, Taiwan, with said location being where Plaintiff alleges the specially made actuator systems for Plaintiff's swimming pool and spa lifts were manufactured and shipped to Hiwin Corp. in the United States.

2

8.     Defendant Hiwin Technologies Corp. ("HTC" or "Defendant") is the owner of HMC and/or Hiwin Corp.  Upon information and belief, HTC is involved in the design, manufacture, and/or shipping of the specially made swimming pool and spa lift actuator systems for Plaintiff.

9.     HTC's worldwide headquarters are located at No. 46, 37th Road, Taichung Industrial Park, Taichung 407, Taiwan.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs, and complete diversity of citizenship exists between Global Lift and Defendants.

11.     This Court has personal jurisdiction over Defendants because the contracts (Purchase Orders) at issue in this suit were consummated in the State of Michigan. Further, Defendants have minimal contacts with the State of Michigan, such that suit in Michigan is fair and reasonable.

12.     This Court has personal jurisdiction over Defendants because they were involved in the design, manufacture, and shipping of the specially made actuator systems for Plaintiff's swimming pool and spa lifts which ended up in the hands of their customer, Pla.ntiff, in the State of Michigan.  Further, Defendants, by virtue of their design, manufacture, and/or shipping of the specially made actuator systems to Plaintiff in the State of Michigan, have sufficient minimum contacts with the State of Michigan such that suit in Michigan is fair and reasonable.

3

13.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Global Lift's claims occurred within the judicial district in which this Court is located.

14.    Based upon the terms and conditions governing the contracts at issue (as defined below), Michigan law governs this action.

### FACTUAL BACKGROUND

15.    Commencing in February 2012, Global Lift and Defendants entered into a series of transactions.

16.    These transactions were initiated when Global Lift submitted various Purchase Orders to Defendants for the design, manufacture, and delivery of specially manufactured actuators, control boxes, batteries, battery packs, handheld switches and related components ("actuator systems"), with said actuator systems to be manufactured in Taiwan by Defendants and to be shipped from Taiwan to Hiwin Corp. in Illinois, USA, to then be shipped to Global Lift in Michigan.

17.    On February 20, 2012, in Michigan, Global Lift and Defendants agreed to two Purchase Orders prepared by Global Lift for the purchase of certain specially manufactured actuator systems.  A true and correct copy of Purchase Orders 1026 and 1027 are attached hereto as Exhibit "A".

18.    Upon receipt of Purchase Orders 1026 and 1027, Defendants designed, manufactured, shipped, and delivered to Global Lift some of the actuators as ordered by Global Lift.

4

19.     In addition to Purchase Orders 1026 and 1027, Global Lift submitted Purchase Order 1031 to Defendants.  A true and correct copy of Purchase Order 1031 is attached hereto as Exhibit "B".

20.     In reliance on the Purchase Orders (Exhibits "A" and "B") at issue, Global Lift paid over $2 million to Defendants for nearly 5,000 actuator systems referenced in the Purchase Orders at issue.

21.     Once Global Lift received the actuator systems mentioned in paragraph 17 hereof, Global Lift went about incorporating said actuators into their swimming pool and spa lifts which were put in place in a number of states in the United States.

22.     The actuator systems designed, manufactured, and shipped by the Defendants had a very high rate of being defective out in the field where the swimming pool and spa lifts were installed at the direction of Global Lift.

23.     Global Lift notified Defendants of the high failure rate of the actuators in question, and Defendants have failed to address the causes of product failure and to replace and/or repair the defective actuators.

24.     Global Lift has not taken delivery of all of the actuators referenced in Purchase Orders 1026 and 1027 because of the high failure rate of the defective actuators in the field.

25.     Plaintiff has been damaged by the actions or inactions of Defendants referenced in the preceding paragraphs hereof, including the following:

(a)     loss of business;

(b)     loss of future business;

5

(c)     damage to reputation;

(d)     potential liability to Plaintiff's customers due to actuator failure;

(e)     internal costs handling hundreds of phone calls from Plaintiff's customers relating to Defendants' actuators purchased by Plaintiff not working;

(f)     freight and shipping costs to ship defective actuators back to Defendants; and

(g)     service calls relating to defective or non-functioning actuators.

## COUNT ONE – BREACH OF CONTRACT

26.     Global Lift incorporates by reference paragraphs 1 through 25 as if fully set forth herein.

27.     Global Lift submitted to Defendants various Purchase Orders for actuators which have been referenced herein and attached hereto as Exhibits "A" and "B".

28.     Defendants accepted the Purchase Orders at issue.

29.     Global Lift has fully performed its obligations under Purchase Orders 1026, 1027, and 1031 and has not requested delivery of all actuators covered by Purchase Orders 1026, 1027, and 1031 because of the high failure rate of the defective actuators designed, manufactured, and shipped by Defendants to Global Lift.

30.     Defendants breached the parties' agreement by failing to deliver properly manufactured and functional actuator systems associated with the Purchase Orders at issue.

31.     In addition, Defendants breached their duty of good faith and fair dealing when said Defendants negligently designed and manufactured the actuator systems associated with the Purchase Orders at issue.

6

32.     Defendants' material breaches have caused Global Lift to incur substantial monetary damages.

**WHEREFORE**, Plaintiff Global Lift Corp. respectfully requests this Court enter judgment in its favor, jointly and severally, against Defendants Hiwin Corporation, Hiwin Mikrosystems Corp., and Hiwin Technologies Corp. in an amount in excess of $75,000 plus interest, costs, and such other relief as this Court deems just and proper.

<u>**COUNT TWO – NEGLIGENT DESIGN**</u>

33.     Global Lift incorporates by reference paragraphs 1 through 32 as if fully set forth herein.

34.     Defendants negligently designed the actuator systems for their application in Global Lift's business of incorporating Defendants' actuator systems into Global Lift's swimming pool and spa lifts.

35.     The negligent design of the actuator systems by Defendants herein have caused Global Lift to incur substantial monetary damages.

**WHEREFORE**, Plaintiff Global Lift Corp. respectfully requests this Court enter judgment in its favor jointly and severally against Defendants Hiwin Corporation, Hiwin Mikrosystems Corp., and Hiwin Technologies Corp. in an amount in excess of $75,000 plus interest, costs, and such other relief as this Court deems just and proper.

<u>**COUNT THREE – BREACH OF IMPLIED WARRANTY**</u>

36.     Global Lift incorporates by reference paragraphs 1 through 35 as if fully set forth herein.

37.     The actuator systems, described in paragraph 16 hereof, were not fit for the particular purpose for which Plaintiff was going to use the actuator systems.

38.     Defendants have breached their implied warranty of fitness for particular purpose resulting in substantial damages to Plaintiff.

**WHEREFORE**, Plaintiff Global Lift Corp. respectfully requests this Court enter judgment in its favor jointly and severally against Defendants Hiwin Corporation, Hiwin Mikrosystems Corp., and Hiwin Technologies Corp. in an amount in excess of $75,000 plus interest, costs, and such other relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff hereby requests a trial by jury.

Dated:  June 4, 2014.

BRICK GENTRY, P.C.

By: _____

    Kenneth L. Butters, P78197
    6701 Westown Parkway, Suite 100
    West Des Moines, IA  50266
    Telephone:  (515) 274-1450
    Facsimile:  (515) 274-1488
    ken.butters@brickgentrylaw.com

    ATTORNEYS FOR PLAINTIFF
    GLOBAL LIFT CORP.