UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GLOBAL LIFT CORPORATION,

        Plaintiff,                        Case No. 14-cv-12200

v                                         Honorable Thomas L. Ludington

HIWIN CORPORATION,
HIWIN TECHNOLOGIES CORPORATION, and
HIWIN MIKROSYSTEMS CORPORATION,

        Defendants.
_____/

**ORDER GRANTING MOTION TO QUASH AND DENYING MOTION TO DISMISS
OR TRANSFER WITHOUT PREJUDICE**

On June 4, 2014, Plaintiff Global Lift Corporation filed a complaint against Defendants, alleging breach of contract, negligent design, and breach of implied warranty. Compl. ¶ 1, ECF No. 1. Global Lift, a supplier of ADA-compliant poolside lifts, alleges that it entered into a series of transactions with Defendants in which Global Lift "submitted various Purchase Orders to Defendants for the design, manufacture, and delivery of specially manufactured actuators, control boxes, batteries, battery packs, handheld switches and related components." Global Lift further alleges that the actuator systems were to be manufactured in Taiwan by Defendants Hiwin Technologies and Hiwin Mikrosystems, shipped to Hiwin Corporation in Illinois, and then shipped to Global Lift in Michigan.

On July 17, 2014, the Taiwanese corporations—Hiwin Technologies and Hiwin Mikrosystems—filed a motion to quash service of process because Global Lift did not properly effect service on them. Because Global Lift did not serve the Taiwanese Defendants in a method prescribed by Federal Rule of Civil Procedure 4(f), their motion to quash service will be granted.

Also on July 17, 2014, all three Defendants filed a motion to dismiss or transfer for improper venue. Because the Taiwanese companies were not properly served, Defendants' motion to transfer will be denied without prejudice.

# I

Global Lift is a Michigan corporation with its principal place of business in Bad Axe, Michigan. Compl. ¶ 3. Global Lift supplies ADA-compliant poolside lifts for public swimming pools and spas in the United States. *Id.* at ¶ 2.

In February 2012, Global Lift and Defendant Hiwin Corporation agreed to two purchase orders for the purchase of certain specially manufactured actuator systems. *Id*. at ¶ 17. Pursuant to the Purchase Orders, Global Lift paid over $2 million to Hiwin Corporation for nearly 5,000 actuator systems. *Id.* at ¶ 20. Upon receiving some of the actuator systems, Global Lift discovered that they had a high failure rate, and refused to take delivery of the remaining actuator systems. Global Lift therefore brought this suit against the three Defendant corporations.

The first, Defendant Hiwin Corporation, is an Illinois corporation with its principal place of business in Elgin, Illinois. *Id*. at ¶ 5. Hiwin Corporation manufactures, services, and repairs actuator systems, which are one of the main components of Global Lift's pool and spa lifts. *Id.* at ¶ 4.

Defendant Hiwin Corporation is owned by Defendant Hiwin Technologies Corporation, a Taiwanese corporation with no place of business in the United States. Defendant Hiwin Technologies Corporation also owns Defendant Hiwin Mikrosystems Corporation, a Taiwanese corporation that manufactures actuator systems.[1] Global Lift alleges that these two Taiwanese corporations were responsible for the design and manufacture of the faulty actuator systems.

---

[1] Plaintiff alleges that "Defendant Hiwin Technologies Corp. is the owner of [Hiwin Mikrosystems] and/or Hiwin Corp.". Compl. ¶ 8.

II

In their motion to quash service of process, the Taiwanese Defendants claim that Global Lift did not properly serve them. Federal Rule of Civil Procedure 12(b)(5) authorizes a district court to dismiss a complaint for insufficiency of process. It is the plaintiff's burden to demonstrate proper service pursuant to Federal Rule of Civil Procedure 4. *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996).

Here, Global Lift filed three Affidavits of Service, one for each Defendant corporation. Each Affidavit states that each Defendant corporation was served on June 10, 2014, by hand delivery to "Sandra Timm, Accounting Manager". The American corporation, Defendant Hiwin Corporation, concedes that Sandra Timm was a proper person for service and therefore it was properly served.

Defendants Hiwin Technologies and Hiwin Mikrosystems, however, contend that Sandra Timm was not a proper person for service with respect to them. Both are Taiwanese corporations with no places of business in the United States. Ex. A ¶ 7, Ex. E ¶ 4. Moreover, Sandra Timm is not the registered agent, not an employee, and not a managing agent for either corporation. Therefore, Hiwin Technologies and Hiwin Mikrosystems claim that, by personally serving Sandra Timm with the summons, Plaintiff failed to properly serve the corporations.

A

Federal Rule of Civil Procedure 4(f)[2] provides the procedure for effecting service upon an international defendant:

---

[2] Defendants mainly rely on Rule 4(h)(1) to support their motion to quash. Rule 4(h)(1) is inapplicable here, however, because it provides the method of service on corporations "in a judicial district of the United States." As stated above, the Taiwanese corporations do not have any offices or employees located in the United States, and therefore they are not present "in a judicial district of the United States." Accordingly, the only way to properly effect service on the Taiwanese corporations is through the procedures set forth in Rule 4(h)(2), which governs service on corporations located "at a place not within any judicial district of the United States", *i.e.*, internationally.

service upon an individual[3] from whom a waiver has not been obtained and filed . . . may be effected in a place not within any judicial district of the United States:

(1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; or

(2) if there is no internationally agreed means of service of the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice:

    (A) in the matter prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction; or

    (B) as directed by the foreign authority in response to a letter rogatory or letter or request; or

    (C) unless prohibited by the law of the foreign country, by . . .

        (ii) any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served; or

(3) by other means not prohibited by international agreement as may be directed by the court.

Rule 4(f).

Rule 4(f)'s preferred method of service is service pursuant to an internationally agreed means, such as those authorized by the Hague Convention. *See* Rule 4(f)(1). Taiwan, however, is not a party to the Hague Convention or any other relevant international agreement. *Ryan v. Brunswick Corp.*, 2002 WL 1628933, at *1 (W.D.N.Y. May 31, 2002); *see also Emery v. Wood Indus., Inc.*, 2001 WL 274747, at *1-3 (D.N.H. Jan. 17, 2001) ("[T]he parties agree that Taiwan is not a member of the Hague Convention and no other applicable international agreement exists

---

[3] Although Rule 4(f) refers only to "individuals", foreign corporations are subject to its provisions through Rule 4(h)(2). Rule 4(h)(2) governs the process for service upon a corporation outside the United States, and permits service "in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)."

under which [plaintiff] might have effected service."). Therefore, Rule 4(f)(1) is inapplicable to the current situation.

Turning next to Rule 4(f)(2), there are three methods for effecting service under this subsection. The first requires that the Defendant Taiwanese corporations be served in a way prescribed by Taiwanese law. In their brief, the Taiwanese corporations merely explain that "Plaintiff has not served with Taiwanese Defendant by any manner set forth in Rule 4(f)." Defs.' Br. at 6. And Global Lift does not attempt to argue that it served the Taiwanese Defendants in accordance with Taiwanese law. Accordingly, service was not properly effected under Rule (f)(2)(A).

Second, Rule 4(f)(2)(B) permits service as directed by a foreign authority in response to a letter rogatory. Neither party contends that Global Lift attempted this method of service, and therefore, service was not properly effected under Rule (f)(2)(B).

Finally, Rule 4(f)(2)(C)(ii) permits service of process on an international corporation by mail that requires a signed receipt. Again, neither party claims that Global Lift tried to serve process by mail, and therefore service was not properly effected under this provision.

**B**

Global Lift has not complied with the procedures for effecting service on international corporations pursuant to Federal Rule of Civil Procedure 4. Despite this noncompliance, Global Lift nevertheless asserts that service was proper. Global Lift contends that "all of the Defendants should be treated as one for . . . service of process . . . ." Pl.'s Resp. at 2, ECF No. 15. Therefore, Global Lift argues, because it properly served an agent of the American subsidiary, it should be deemed to have served the two Taiwanese corporations.

Contrary to Global Lift's argument, under both Michigan and Sixth Circuit law, it is a "well-recognized principle that separate corporate entities will be respected" and that "absent some abuse of corporate form, parent and subsidiary corporations are separate and distinct entities." *Seasword v. Hilti, Inc.*, 537 N.W.2d 221 (Mich. 1995); *see also Indah v. United States Sec. and Exchg. Comm'n*, 661 F.3d 914, 921 (6th Cir. 2011). Each Defendant is a separate corporation, and caselaw requires that they be treated as such. Therefore, service on the agent of the American subsidiary (Hiwin Corporation) will not be deemed to be proper service on the two Taiwanese corporations. Because Global Lift did not properly serve Hiwin Technologies or Hiwin Mikrosystems, their motion to quash service of process pursuant to Rule 12(b)(5) will be granted.

C

Although the service of process will be quashed, the Court will not dismiss the action as to these two Defendants. Courts have broad discretion to dismiss an action that involves improper service. *Sherer v. Construcciones Aeronauticas, S.A.*, 987 F.2d 1246, 1247 (6th Cir. 1993). But the preferred method is for the Court to retain the case so that proper service can be made. *Frederick v. Hydro-Aluminum S.A.*, 153 F.R.D. 120, 123 (E.D. Mich. 1994). Therefore, this Court will not dismiss the action against the Taiwanese corporations, but will instead retain the action so that Global Lift may properly serve them. Global Lift will have 90 days from the date of this Order in which to serve the Taiwanese corporations pursuant to Federal Rule of Civil Procedure 4(f).[4]

---

[4] Although domestic defendants must be served within 120 days, Federal Rule 4(m) expressly exempts service in foreign nations from the strict 120 day-limit. *Lucas v. Natoli*, 936 F.2d 432, 432-33 (9th Cir. 1991) ("The plain language of Rule 4(j) makes the 120-day service provision inapplicable to service in a foreign country . . . .").

**II**

The three Defendants have also filed a motion to dismiss or transfer venue. Because the Taiwanese corporations were not properly served, the motion to transfer is premature and will be denied without prejudice. Once all Defendants have been properly served, the Defendants may—if they so desire—file a motion to transfer[5] or otherwise respond to the Complaint.

Accordingly, it is **ORDERED** Defendant Hiwin Mikrosystems Corporation and Defendant Hiwin Technologies Corporation's Motion to Quash Service (ECF No. 12) is **GRANTED**.

It is further **ORDERED** that Plaintiff Global Lift is **DIRECTED** to serve the Taiwanese Defendants with service of process within 90 days of entry of this Order and to file proof of service on the docket.

It is further **ORDERED** that Defendants' Motion to Dismiss or Transfer (ECF No. 13) is **DENIED WITHOUT PREJUDICE**. Defendants may file a motion to dismiss or transfer or otherwise answer the complaint within 30 days of Global Lift filing proof of service on the docket.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: September 11, 2014

---

[5] The Court notes that the parties left unaddressed several issues in their papers regarding Defendants' motion to dismiss or transfer. For example, the parties have not addressed whether a motion by the Taiwanese Defendants pursuant to Fed. R. Civ. P. 12(b)(3) would be barred by Fed. R. Civ. P. 12(g). Moreover, with regards to 1404(a), the parties only addressed whether venue was proper in the Northern District of Illinois for Hiwin Corporation. Neither party addressed whether the Northern District of Illinois would be an appropriate venue for the Taiwanese Defendants. Finally, the parties focused solely on 28 U.S.C. § 1391(b)(2) in addressing whether venue is proper in the Eastern District of Michigan. Neither party addressed whether 28 U.S.C. § 1391(b)(1) together with 28 U.S.C. § 1391(c)(2) and § 1391(c)(3) would play a role in the determination.

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 11, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS