UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

GLOBAL LIFT CORP.,

Plaintiff, Case No. 14-cv-12200

v Honorable Thomas L. Ludington

HIWIN CORPORATION, et al.,

Defendants.

_______________________________________/

**ORDER DENYING MOTION TO TRANSFER AND DENYING MOTION TO DISMISS FOREIGN DEFENDANTS FOR LACK OF PERSONAL JURISDICTION**

On June 4, 2014, Plaintiff Global Lift Corporation filed a complaint against Defendants, alleging breach of contract, negligent design, and breach of implied warranty. Compl. ¶ 1, ECF No. 1. Global Lift, a supplier of ADA-compliant poolside lifts, alleges that it entered into a series of transactions with Defendants in which Global Lift "submitted various Purchase Orders to Defendants for the design, manufacture, and delivery of specially manufactured actuators, control boxes, batteries, battery packs, handheld switches and related components." Global Lift further alleges that the actuator systems were to be manufactured in Taiwan by Defendants Hiwin Technologies and Hiwin Mikrosystems (together the "Taiwanese Defendants"), shipped to Hiwin Corporation in Illinois, and then shipped to Global Lift in Michigan.

The Taiwanese Defendants now move for dismissal based on a lack of personal jurisdiction, and all Defendants move to transfer the case to the Northern District of Illinois. *See* Mot. to Transfer II, ECF No. 51; Mot. to Dismiss, ECF No. 50. Both motions will be denied.

**I.**

Global Lift is a Michigan corporation with its principal place of business in Bad Axe, Michigan. Compl. ¶ 3. Global Lift supplies ADA-compliant poolside lifts for public swimming pools and spas in the United States. *Id.* at ¶ 2.

Defendant Hiwin Corporation, is an Illinois corporation with its principal place of business in Elgin, Illinois. *Id.* at ¶ 5. Hiwin Corporation manufactures, services, and repairs actuator systems, which are one of the main components of Global Lift's pool and spa lifts. *Id.* at ¶ 4. Defendant Hiwin Corporation is owned by Defendant Hiwin Technologies Corporation, a Taiwanese corporation with no place of business in the United States. Defendant Hiwin Technologies Corporation also owns Defendant Hiwin Mikrosystems Corporation, a Taiwanese corporation that manufactures actuator systems.[1]

**A.**

After engaging in email negotiations, on February 20, 2012 Global Lift prepared two purchase orders for actuator systems from Defendant Hiwin Corporation. *See* Compl. Ex. A.. The purchase orders contain material terms including quantity, pricing, delivery schedule, and a signature from Global Lift's CEO. *Id.* Pursuant to the Purchase Orders, Global Lift was to pay over $2 million to Hiwin Corporation for nearly 5,000 specially manufactured actuator systems that were allegedly designed and manufactured by the Taiwanese Defendants. *Id.* at ¶¶ 17-20. Defendant Hiwin Corporation agreed to the first two purchase orders on February 22, 2012 through Sales Order Acknowledgements, which provided that the actuators would be shipped to FOB Elgin. *Id.* at ¶ 17; Joe Jou Aff., ECF No. 50 Ex. A-4.

On March 16, 2012 the President of Hiwin Corporation, Joe Jou, traveled to Bad Axe, Michigan where the parties executed a confidentiality agreement. ECF No. 52. Ex. 5. Global Lift

[1] Plaintiff alleges that "Defendant Hiwin Technologies Corp. is the owner of [Hiwin Mikrosystems] and/or Hiwin Corp.". Compl. ¶ 8.

also prepared a third purchase order on that date. *See Id.* at Ex. B. Defendants contend that Hiwin Corporation eventually accepted the third purchase order by issuing a Sales Order Acknowledgment via email from Elgin, Illinois, but Defendants have not provided the Court with the third Sales Order Acknowledgment. *See* Joe Jou Aff. ¶ 15.

On March 26, 2012 the first units were delivered to Global Lift Corporation's location in Pigeon, Michigan. *Id*. at Ex. 6. Global Lift began incorporating the actuator systems into their swimming pool and spa lifts, which were installed across the United States. Compl. ¶ 21. By April of 2014 Global Lift discovered that the actuators had an unacceptably high failure rate. *Id*. at ¶¶ 22-23. Global Lift notified Defendants of the high failure rate, but Defendants did not address the causes of the product failure or replace the defective actuators. *Id*. at ¶ 23. Global Lift then refused to take delivery of the remaining actuator systems. Those systems remain at Defendant Hiwin's warehouse in Elgin, Illinois.

**B.**

Global Lift filed suit against the three Defendant corporations on June 4, 2014. *See* Compl., ECF No. 1. On July 17, 2014, the Taiwanese Defendants filed a motion to quash service of process. The motion was granted because Global Lift did not serve the Taiwanese Defendants in a method prescribed by the Federal Rules of Civil Procedure. Global Lift was then provided multiple extensions in which to effect service and obtain proof of service.

Plaintiff filed certificates of service on December 18, 2015. ECF No. 38. The certificates represent that Global Lift served Defendants on March 2, 2015, and that Defendants' answers were due on March 23, 2015. *Id*. After no answers were filed, Plaintiff moved for a default judgement against all Defendants. ECF Nos. 43, 44. The parties then stipulated to the withdrawal of Plaintiff's motion for default and for an extension for Defendants to file

responsive pleadings. *See* ECF No. 49. On April 15, 2016, the Taiwanese Defendants moved for dismissal based on a lack of personal jurisdiction, and all Defendants moved to transfer the case to the Northern District of Illinois. Both motions are now ready for decision.

**II.**

Defendants' motion to transfer will be addressed first. Venue is proper in the judicial district where either all defendants reside or where the claim arose. *Al-Muhaymin v. Jones,* 895 F. 2d 1147, 1148 (6th Cir. 1990); 28 U.S.C. § 1391(b). Defendants concede that the Eastern District of Michigan is a proper venue, but argue that the case should be transferred to the Northern District of Illinois under 28 U.S.C. § 1404(a). Plaintiff concedes that the Northern District of Illinois would be a proper venue, but argues that the case should remain in the Eastern District of Michigan.

Under § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where the action might have been brought." 28 U.S.C. § 1404(a). The factors that guide a district court's discretion in deciding whether to transfer a case include: (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the forum's familiarity with governing law; (8) the weight accorded the plaintiff's choice of forum; and (9) trial efficiency and interests of justice, based upon the totality of the circumstances. *Overland, Inc. v. Taylor*, 79 F. Supp. 2d 809, 811 (E.D. Mich. 2000). Absent a forum selection clause between the parties, the party bringing the motion to transfer venue bears the burden of proving that the transferee district is a more convenient forum. *See Viron Int'l Corp. v. David*

*Boland, Inc*., 237 F. Supp. 2d 812, 815 (W.D. Mich. 2002). Furthermore, the plaintiff's choice of forum must be afforded substantial deference. *See Audi AG & Volkswagon of Am., Inc. v. D'Amato*, 341 F. Supp. 2d 734, 750 (E.D. Mich. 2004).

**A.**

There is no forum selection clause between the parties, and Plaintiff's choice of forum in the Eastern District of Michigan must be afforded substantial deference. Defendants have not shown that it would be less convenient for them and their witnesses to travel to Bay City, Michigan than it would be for Plaintiff and its witnesses to travel to Chicago, Illinois. Similarly, Defendants have not demonstrated that ease of accessing documents or burdens of proof would be significantly greater in the Northern District of Illinois. Defendants also have not addressed any issues regarding the process to compel unwilling witnesses.

The location of the "locus of operative facts" is in dispute. The parties agree that the contract negotiations took place in both Michigan and Illinois, primarily through email. *See* Mot. to Transfer II 4, ECF No. 51. Plaintiff places emphasis on the fact that the parties signed a confidentiality agreement in Michigan, and that the actuator systems were designed in Michigan and Taiwan. Defendants emphasize that the agreements were finalized in Illinois and the actuator systems were delivered in Illinois. All things considered, this factor is evenly weighed for both the Plaintiff and the Defendants.

The parties also dispute the applicable governing state law. Noting a conflict between Michigan law and Illinois law with regard to Plaintiff's implied warranty claim, Defendants argue that Illinois law should supply the rule of decision. Plaintiff contends that Michigan law should supply the rule of decision. Under § 188 of the Restatement (Second) of Conflicts, as adopted by the Michigan Courts, the rights and duties of parties to a contract is determined by

the law of the state that has "the most significant relationship to the transaction and the parties….". Restatement (Second) of Conflicts § 188(1). The following factors are relevant in determining the applicable law: (1) the place of contracting; (2) the place of negotiating the contract; (3) the place of performance; (4) the location of the subject matter of the contract; and (5) the domicile, residence, nationality, place of incorporation, and place of business of the parties. § 188(2). The second factor is not dispositive, as the parties agree that the negotiations took place via email in both Illinois and Michigan. Nor is the fifth factor, which weighs equally in favor of both Illinois and Michigan law.

The first disputed conflict factor – the place of contracting – turns on where the sales agreements were finalized. *See C.E. Hale, Corp. v. Butler Polymet, Inc.*, 869 F.2d 1489 (6th Cir. 1989) ("Under Michigan law, contract interpretation is controlled by the laws of the place where the last act necessary to make it a binding contract took place."). Plaintiff argues that the sales agreements were finalized on March 16, 2012 in Bad Axe, Michigan, at which time the parties orally agreed to an extension of credit and executed a confidentiality agreement, and Plaintiff issued a third purchase order for 10,000 units. Defendants argue that the agreements were finalized after Joe Jou's visit, when Hiwin Corporation issued the last of its three Sales Order Acknowledgments from Elgin, Illinois. As noted above Defendants have not furnished the Court with the purported third Sales Order Acknowledgment, but Plaintiff appears to concede that all Sales Order Acknowledgments were issued from Defendant Hiwin Corporation's place of business in Elgin, Illinois. *See* Resp. to Mot. to Transfer 9, 11, ECF No. 52. Because the relevant sales agreements were not finalized until Defendant Hiwin Corporation issued its Sales Order Acknowledgments, Defendants are correct that the place of contracting turns on the location of

the acknowledgments. Plaintiff does not dispute that the acknowledgments were issued from Elgin, Illinois. Accordingly, the place of contracting was Elgin, Illinois.

The third factor – the place of performance – also weighs in favor of Illinois. As set forth in the Sales Order Acknowledgments, the contracts were executed FOB Elgin, Illinois. The actuator systems were therefore delivered to Plaintiff Global Lift in Elgin, Illinois.

Finally, the location of the subject matter of the contract weighs in favor of Illinois. While a number of the actuator systems were delivered to Plaintiff and installed in pools across the county, the majority of the systems remain in Hiwin Corporation's warehouse in Elgin, Illinois.

Based on the evidence presented at this time, it appears that Illinois law will supply the rule of decision for any conflicts of law.

**B.**

In summary, the majority of the § 1404(a) factors are neutral. While consideration of the locus of the operative facts and the governing law weighs in favor of Illinois, a consideration of Plaintiff's choice of forum weighs in favor of Michigan. Also weighing in favor of maintaining theEastern District of Michigan forum is the fact that Defendants bear the burden of proving that the transferee district is a more convenient forum. *See Viron Int'l Corp*, 237 F. Supp. 2d at 815. While Defendants have demonstrated that the Northern District of Illinois would be an appropriate venue, Defendants have not demonstrated that the Northern District of Illinois is a more convenient forum. Defendant's motion to transfer will therefore be denied.

**III.**

The Taiwanese Defendants argue that Global Lifts' claims against them should be dismissed because this Court does not have personal jurisdiction over them. A plaintiff bears the

burden of establishing personal jurisdiction. *See Brunner v. Hampson*, 441 F.3d 457, 462 (6th Cir. 2006). "[I]n the face of a properly supported motion for dismissal, the plaintiff may not stand on his pleading but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Carrier Corp. v. Outokumpu Oyj*, 673 F.3d 430, 449 (6th Cir. 2012) (quoting *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991)).

"Presented with a properly supported 12(b)(2) motion and opposition, the court has three procedural alternatives: it may decide the motion upon the affidavits alone; it may permit discovery in aid of deciding the motion; or it may conduct an evidentiary hearing to resolve any apparent factual questions." *Theunissen*, 935 F.2d at 1458. When a district court does not conduct an evidentiary hearing, but instead rules solely on written submissions, the plaintiff's burden is relatively slight: the plaintiff "must make only a prima facie showing that personal jurisdiction exists in order to defeat dismissal." *Estate of Thomson ex rel. Estate of Rakestraw v. Toyota Motor Corp. Worldwide*, 545 F.3d 367, 360 (6th Cir. 2008) (quoting *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). In such a case, a court "will not consider facts proffered by the defendant that conflict with those offered by the plaintiff, and will construe the facts in a light most favorable to the nonmoving party." *Indah v. U.S. S.E.C.*, 661 F.3d 914, 920 (6th Cir. 2011) (internal quotations and citation omitted); *See also Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007). "Because weighing any controverted facts is inappropriate at this stage, dismissal is proper only if [the plaintiff's] alleged facts collectively fail to state a prima facie case for jurisdiction." *Carrier Corp*. 673 F.3d at 449 (internal quotations and citation omitted).

**A.**

Plaintiff Global Lift first argues that the Taiwanese Defendants have waived their rights to challenge personal jurisdiction by failing to raise personal jurisdiction in their previously filed motion to dismiss or transfer, ECF No. 13. "[B]ecause the requirement of personal jurisdiction flows from the Due Process Clause and protects an individual liberty interest, an individual may submit to the jurisdiction of the court by appearance." *Gerber v. Riordan*, 649 F.3d 514, 518 (6th Cir. 2011) (quoting *Days Inns Worldwide, Inc. v. Patel*, 445 F.ed 899, 905 (6th Cir. 2006) and *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703, (1982). By submitting to jurisdiction, a defendant waives any potential personal jurisdiction defense. *Gerber*, 649 F.3d at 518. "The requirement that a court have personal jurisdiction is a due process right that may be waived either explicitly or implicitly. The actions of the defendant may amount to a legal submission to the jurisdiction of the court." *Days Inns*, 445 F.3d at 905.

"A fundamental tenet of the Federal Rules of Civil Procedure is that certain defenses under Fed. R. Civ. P. 12 must be raised at the first available opportunity or, if they are not, they are forever waived." *See Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1106 (9th Cir. 2000). Federal Rules of Civil Procedure 12(h)(a) and 12(g)(2) together hold that a party waives its right to challenge personal jurisdiction by omitting it from another motion filed pursuant to Rule 12(b) if the personal jurisdiction defense was available at the time of its earlier motion.

**B.**

Plaintiff argues that, by failing to raise a 12(b)(2) defense in their previously filed motion to dismiss or transfer, ECF No. 13, Defendants waived their right to challenge personal jurisdiction under Rules 12(h)(a) and 12(g)(2). On July 17, 2015, the Taiwanese Defendants filed a motion to quash for insufficient service of process under Rule 12(b)(5) and a motion to dismiss

for improper venue pursuant to Rule 12(b)(3). The Taiwanese Defendants did not raise a defense of lack of personal jurisdiction in either of those motions, but stated in a footnote that they were preserving their right to do so in the future. Such a footnote is insufficient to overcome the specific dictates of the Federal Rules of Civil Procedure. Under Rule 12(h), by raising any Rule 12 defenses in their first filings, the Taiwanese Defendants were obliged to raise all such defenses in those filings.

Had the Taiwanese Defendants properly raised their personal jurisdiction defense in their original filings, a ruling in their favor could have saved the Court and Plaintiff Global Lift over a year's worth of time and expense invested in serving the Taiwanese Defendants and obtaining certificates of service. Because the Taiwanese Defendants did not raise a personal jurisdiction defense at that time, the Taiwanese Defendants submitted to this Court's personal jurisdiction. The Taiwanese Defendants have therefore waived their ability to challenge personal jurisdiction, and the merits of the personal jurisdiction defense will not be addressed.

**IV.**

Accordingly, it is **ORDERED** that Defendant's Motion to Transfer, ECF No. 51, is **DENIED**.

It is further **ORDERED** that the Taiwanese Defendants' motion to dismiss for lack of personal jurisdiction, ECF No. 50, is **DENIED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: June 22, 2016

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on June 22, 2016.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager